**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

May 5, 2025

## LETTER MEMORANDUM & ORDER

Re:  *United States v. Isaac DePaula*,
     Criminal Action No. 16-0474 (ES)

Dear Counsel:

Before the Court is Defendant Isaac DePaula's motion for early termination of supervised release. (D.E. No. 57 ("Motion" or "Mov. Br.")). On March 20, 2025, the Government opposed the Motion. (D.E. No. 64 ("Opp. Br.")). The Probation Office has informed the Court that it does not oppose Defendant's motion for early termination of supervision. After careful review of the parties' submissions, Defendant's motion for early termination of supervised release is **DENIED**.

## I.   BACKGROUND

On October 13, 2016, a federal grand jury sitting in Newark returned a four-count indictment against Defendant for conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count I) and bank fraud (Counts II–IV). (D.E. No. 20 ("Indictment")). On December 13, 2021, Defendant appeared before the Undersigned and pled guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to Count I of the Indictment, conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 and contrary to 18 U.S.C. § 1344. (D.E. No. 45; D.E. No. 47 at 1). Pursuant to the Rule 11(c)(1)(C) plea agreement, the parties agreed that "a sentence to a term of imprisonment of up to 1 year and 1 day [was] the appropriate disposition of this case." (D.E. No. 47 at 3). Defendant's guideline imprisonment range fell between 33 to 41 months. (D.E. No. 50 ¶ 110). On September 22, 2022, this Court sentenced Defendant to time served and a term of three years' supervised release. (D.E. No. 54 at 2–3). Defendant was also ordered to pay restitution in the amount of $2,802,167.00. (*Id.* at 7). According to the Probation Office, Defendant has complied with the conditions of his supervised release and on or about November 21, 2022, his case was transferred to the Low Intensity Caseload. Defendant's supervision is set to end on September 20, 2025.

1

On December 18, 2024, Defendant filed the instant motion for a termination of supervised release.[1] (Mov. Br.). On March 20, 2025, the Government filed an opposition to Defendant's motion. (Opp. Br.). As of today, Defendant has neither submitted a reply nor sought an extension.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a district court may grant early termination of supervised release after consideration of the § 3553 factors[2] if the defendant has served one year of supervised release and if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). A district court has discretion to modify a term of supervised release. *United States v. Danzey*, 356 F. App'x 569, 570 (3d Cir. 2009). While extraordinary circumstances are not "necessary" to obtain early termination of supervised release, the absence of such circumstances "generally" suggests early termination is not appropriate: "That is because, if a sentence was sufficient, but not greater than necessary when first pronounced, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53 (cleaned up).

## III. DISCUSSION

Defendant moves for early termination of supervised release "due to significant changes in [his] life," including more participation in his church and traveling for missionary work. (Mov. Br. at 1). Moreover, according to Defendant, he frequently travels to and from Brazil to visit his mother, who has "high blood pressure" and whose health is "getting worse." (*Id.* at 1; *see* Opp. Br. at 2 (noting that Defendant's mother resides in Brazil)). Although one of Defendant's brother's lives with his mom, he suffered a stroke. (Mov. Br. at 1). As a result, Defendant's mom cares for his brother by helping with his "feeding and everyday tasks." (*Id.*). Defendant's father is not alive. (*Id.*). Thus, Defendant fears that, in the event "something [] happen[s] to [his] mom," his travel requests will not be answered quickly enough to ensure he can travel to Brazil for an emergency. (*Id.*).

---

[1] Defendant's motion requests "early termination of ***probation***" (Mov. Br. at 1); however, he was sentenced to a term of supervised release. (D.E. No 54 at 3). Accordingly, the Court, like the Government and the Probation Office, construes the instant Motion as requesting termination of supervised release. (*See* D.E. No. 64 at 1).

[2] The factors the Court considers under 18 U.S.C. § 3553(a) are: (i) the nature and circumstances of the offense and the defendant's history and characteristics; (ii) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences and sentencing ranges established for the defendant's crimes; (iv) pertinent policy statements issued by the United States Sentencing Commission; (v) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (vi) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)–(D) & (4)–(7).

The Government opposes arguing that Defendant "points to nothing at all – let alone 'new or unforeseen circumstances' – that would warrant an alteration of the term of supervision." (Opp. Br. at 4). As to Defendant's concerns regarding his mother's health and the time it may take for approval of future travel requests, the Government argues that (i) his mother's health status has remained the same since sentencing, and (ii) he "has made numerous travel requests thus far [that] have yet to be denied by the Probation Department" and has not demonstrated "that a request [for travel] would take [30 days] long in an emergency situation." (*Id.*; *see also* D.E. No. 56 (approving travel request to Brazil); D.E. No. 58 (approving travel request to Brazil and approving "all future travel requests [] at the discretion of the Probation Office (as recommended by the Probation Office)")).

While the Court is sympathetic to Defendant's concerns with respect to this mother's and/or brother's heath conditions, they do not warrant early termination of his supervised release. *See United States v. Bowers*, No. 21-0505, 2024 WL 361343 at *2 (W.D. Pa. Jan. 31, 2024) (denying request for early termination of supervised release despite defendant's "concern that [] travel restraints [would] hamper his ability to visit and care for his ailing grandfather"); *United States v. Magee*, No. 17-0033, 2024 WL 4803497, at *2 (W.D. Pa. Nov. 15, 2024) (denying motion for early termination of supervised release where defendant wanted to "travel freely . . . to assist his son who lives in Columbus, Ohio, and has a drug problem"). Moreover, this Court has already approved Defendant's request to travel to Brazil to see his mother on two prior occasions (D.E. Nos. 56 & 58), further indicating that termination of his supervised release is unwarranted. *See United States v. Martinez*, No. 23-0201, 2024 WL 4242820 at *2 (E.D. Pa. Sept. 19, 2024) (denying defendant's motion for early termination of supervised release because he had not demonstrated that he requested permission to visit his sick mother and that such request was denied); *United States v. Santoro*, No. 21-0076, 2022 WL 37471 at *3 (D.N.J. Jan. 4, 2022) (finding that the interests of justice did not mandate early termination of supervised release where a defendant desired to spend time with his out-of-state family but did not explain "how his supervision create[d] a burden on seeing his family . . . [and did] not contend that he was denied leave to travel out of state by his Probation Officer").

Additionally, while the Court commends Defendant's compliance with the conditions of his supervised release, "[c]ompliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." *United States v. Welling*, No. 20-0167, 2021 WL 409834, at *4 (W.D. Pa. Feb. 5, 2021) (emphasis in original) (citations omitted). "Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community." *United States v. Seibles*, No. 10-0235, 2019 WL 109332, at *4 (W.D. Pa. Jan. 4, 2019). As such, a defendant's compliance with his terms of supervision is expected and not enough to justify early termination. *See, e.g.*, *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); *Seibles*, 2019 WL 109332, at *3–4 (denying motion for early termination where the defendant argued that he was a low-risk offender and the resources of probation could be better used for high-risk offenders, because compliance with terms of supervised release was merely expected).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release (D.E. No. 57) is **DENIED**.  In accordance with Federal Rule of Criminal Procedure 32.1(c)(2), the Court denies the Motion without a hearing.  *See United States v. Floyd*, 491 F. App'x 331, 333 (3d Cir. 2012).

**SO ORDERED.**

s/ *Esther Salas*  
**Esther Salas, U.S.D.J.**